Thomas Paul Lovy, Sui Juris
C/o Post Office Box 1142
Londonderry, New Hampshire
Tel: (603) 425-8566
Email: thomaslovy@comcast.net

*In Propria Persona*

All Rights Reserved
without Prejudice

U.S. DISTRICT COURT
DISTRICT OF N.H.
FILED

2014 MAY -5 P 12: 36

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| Thomas Paul Lovy and<br>Loananh Quoc Lovy,<br><br>  Plaintiff,<br><br>v.<br><br>FEDERAL NATIONAL MORTGAGE ASSOCIATION, SETERUS, INC., MORTGAGE ELECTRONIC REGISTRATION   SYSTEMS, INC., and BANK OF AMERICA CORPORATION<br><br>  Defendants. | Case No.   13-cv-399-SM<br><br>NOTICE OF MOTION AND MOTION FOR RECONSIDERATION OF USDC'S ORDER FILED IN ERROR ON APRIL 28, 2014<br><br><br>28 U.S.C.  1746(1) |

COMES NOW Thomas Paul Lovy, Plaintiff in the above entitled case and move this

honorable Court for an ORDER striking its Order by U.S. District Judge Steven J.

McAuliffe dated April 28, 2014, and to provide formal Notice to all interested

Party(s) of same.

## PLAINTIFF IS NOT PROCEEDING *"PRO SE"*

Mr. McAuliffe has alleged that "Pro se plaintiffs, Thomas Lovy and his wife Loan Anh Quoc Lovy, initiated this action". Plaintiff is not proceeding *Pro Se*.

"Se" is a neuter Latin pronoun. In legal terminology, that term is appropriate for referring to a fictitious or juristic entity. Plaintiff in not a fictitious entity.

Plaintiff is a man.

This Court is reminded that Plaintiff has properly reserved all Rights without prejudice. See "All Rights Reserved" on verification page *supra*, in the Initial VERIFIED COMPLAINT.

This reservation of Rights is proper, timely and sufficient.

It expressly reserves all Rights which Plaintiff possessed on August 01, 2013, and prevents the loss of *any* such Rights by application of the waiver or estoppel. See UCCA 1308 in chief, and compare U.C.C. 1-308.

## REMOVAL STATUTES ARE STRICTLY CONSTRUED IN FAVOR OF STATE JURISDICTION

Federal courts are courts of limited jurisdiction and possess only that which has been authorized by the United States Constitution or statute. Removal statutes are strictly construed in favor of state court jurisdiction. A Supreme Court decision on this is *Shamrock Oil & Gas Corp v. Sheets*, 313 U.S. 100, 108-09 (1941).

The Court erred in its analysis of whether Defendants consents and timely filed a motion to remove under the unanimity rule in this case.

## THE DEFENDANTS DID NOT SIGN OR AUTHORIZE THE NOTICE OF REMOVAL, SO THE MOTION FOR REMAND MUST BE GRANTED

The Notice of Removal was not authorized by the Defendants, Federal National Mortgage Association, ("Fannie Mae") Seterus, Inc. ("Seterus") or Mortgage Electronic Registration Systems, Inc. ("MERS") None of the Defendants, Fannie Mae, Seterus, or MERS signed a consent or otherwise approved the removal. None of the Defendants, Fannie Mae, Seterus, or MERS are identified in the signature block on the NOTICE OF REMOVAL, so the Petition has not been filed on behalf of any of the Defendants, Fannie Mae, Seterus, or MERS.

The Court sites *Esposito v. Home Depot, U.S.A., Inc.*, 590 F.3d 72 (1st. Cir. 2009), "And, to the extent there was any lack of clarity on that issue (there was not), defendants made their positions abundantly clear when each of them objected to plaintiffs' motion to remand." The procedural requirements for removal cannot be ignored or trivialized. In *Esposito* the two defendants were represented by the same counsel. The Court failed to note the narrow scope of *Esposito*, which relied heavily on the advanced procedural posture of the case, having proceeded all the way to summary judgment before the appeal raised the possibility of the remand (not the case here). In those particular circumstances, the court concluded that "remand to a state court would not serve the purposes of the unanimity

3

requirement." Furthermore, despite allowing defendants to cure their defective removal, the First Circuit in *Esposito* cautioned that it remains an unwise practice for each defendant to not give the requisite in written consent to the court, because the case could clearly have gone the other way.

The Court also notes that the defendants made their position abundantly clear when each of them objected to plaintiffs' motion to remand. The Court also failed to note that defendants objected to plaintiffs' motion to remand after the requisite 30-day period. The procedural defect cannot be later cured.

In *Esposito,* the plaintiff filed a cause of action against three defendants in state court and served one on March 17 and the other two on March 21, 2006. On April 3, 2006, two defendants filed a notice of removal in United States District Court. On April 13, 2006, the third defendant filed an answer in federal court. The *Esposito* Court concluded that the later opposition to the motion to remand was sufficient to meet the unanimity requirement.

## BANK OF AMERICA"S NOTICE OF REMOVAL

In Bank of America's Notice of Removal ¶16, <u>Consent</u>. Fannie Mae, Seterus and MERS have expressly consented by and through counsel to removal, in accordance with 28 U.S.C. § 1446.     And ¶ 17, <u>Signature</u>. This Notice of Removal is signed pursuant to Fed. R. Civ. P. 11. *See* 28 U.S.C. § 1446(a).

Nowhere in a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure does the statute authorize one defendant to sign solely on

4

behalf of all other defendants, based on a representation of their consent. This Court must require all defendants to file some form of unambiguous written consent to removal within the requisite 30-day period.

The removal statute does not invest courts with the discretion to overlook or excuse a failure to meet that statute's requirements.

Therefore, all defendants must join a removal petition or else petition is defective and the case must be remanded.

It is insufficient for a defendant who has not signed the removal petition to merely advise the removing defendant that it consents to removal and that the removing defendant may represent such consent to the Court on its behalf. Failure of any defendant to provide its written consent within the applicable thirty-day period renders the petition for removal untimely. Each and every defendant must submit some form of written consent to the court within the applicable thirty-day period set forth in 28 U.S.C. § 1446(b).

## DEFENDANT'S OPPOSED MOTION TO REMAND ONLY AFTER THE THIRTY-DAY PERIOD

An apparent lack of unanimity could be remedied by a non-signing defendant's timely opposition to a motion to remand but that is not the case here either. Only after the thirty-day period set forth in 28 U.S.C. § 1446(b) did Fannie Mae, Seterus, and MERS vigorously oppose plaintiff's motion to remand.

The key element is that in order for removal to be proper, *each named defendants* must submit timely consent to the removal and they did not.

It would be insufficient for a defendant who has not signed the removal petition to merely advise the removing defendant that it consents to removal and that the removing defendant may represent such consent to the Court on its behalf.

Because Fannie Mae, Seterus, and MERS failed to file timely written notice of consent, removal pursuant to Bank of America's Notice of Removal was fatally defective. This court should find no basis upon which to exempt defendants from the rule of unanimity. Accordingly, the court did err in denying plaintiff's motion to remand and this case should be remanded immediately to the New Hampshire Superior Court at Rockingham.

## THE REMOVAL IS DEFECTIVE FOR FAILURE TO COMPLY WITH THE RULE OF UNANIMITY.

28 U.S.C. § 1446 (a) states the "*defendants* desiring to remove any civil action ... shall file in the district court of the United States ... a notice of removal." All Defendants have not filed the NOTICE. At best, only one has. 28 U.S.C § 1446 requires the unanimous consent of *all* defendants to the removal.

The NOTICE OF REMOVAL fails to claim the consent of Defendants, Fannie Mae, Seterus, or MERS. It clearly fails to explain the absence of consent to the removal by Defendants Fannie Mae, Seterus, or MERS. The Notice of Removal is defective for violating the rule of unanimity. Since Defendants, Fannie Mae, Seterus, or

6

MERS, did not join in the notice of removal and the NOTICE OF REMOVAL failed to account for the lack of their consent, the NOTICE is procedurally defective and the MOTION TO REMAND must be granted.

## FACTUAL BACKGROUND AT THE TIME THE NOTICE OF REMOVAL WAS FILED

On or about August 1, 2013, Thomas Paul Lovy filed his Verified Complaint in the Superior Court of Rockingham County (New Hampshire). The Civil Action was assigned No. 218-2013-CV-830.

On or about September 07, 2013, Thomas J. Pappas attorney for Bank of America Corporation filed a NOTICE OF REMOVAL that alleges to seek to remove Civil Action 218-2013-CV-830 from Superior Court of Rockingham County (New Hampshire) to the United Stated District Court for the District of New Hampshire. The NOTICE OF REMOVAL mentions four (4) Defendants, but the NOTICE OF REMOVAL identifies only Bank of America Corporation in the signature block, and there are no affidavits from any of the Defendants, Fannie Mae, Seterus, or MERS.

## DEFENDANTS DID NOT COMPLY WITH THE MANDATORY DISCLOSURE REQUIREMENTS OF THE FEDERAL RULES OF CIVIL PROCEDURE

Counsel for Defendants, Fannie Mae, Seterus, Inc., and MERS have not filed Corporate Disclosure Statements and therefore did not comply with the rules of Federal Civil Procedure 7.1 and Local Rule 7.5 of the court.

As of this date, no Corporate Disclosure Statement has been filed by Fannie Mae, Seterus, or MERS.

<u>Upon Removal, the Federal Rules of Civil Procedure Apply</u> and govern procedure after removal. See F.R.Civ.P. 81(c), and <u>Willy v. Coastal Corp.</u>, 503 U.S. 131, 135-136, 112 S.Ct. 1076, L.Ed.2d 280 (1992). This would include the Federal Rules, and their counterpart Local Rules. In fact, Federal Rules of Civil Procedure (Rule 7.1) is quite clear:

a. Who Must File; Contents. "A nongovernment corporate party *must file 2 copies* of a disclosure statement that:

    (1) <u>identifies any parent corporation</u> and any publicly held corporation owning 10% or more of its stock; or

    (2) states that there is no such corporation.

b. Time to Filing; Supplemental Filing. A party **must**:

    (1) <u>file the disclosure statement with its first appearance, pleading, motion, response, or other request addressed to the court</u>; and

    (2) promptly file a supplemental statement if any required information changes."

The New Hampshire District *Local Rule 7.5* further supplements the federal rule and requires the additional disclosure:

a. LLC plaintiffs in the parties that must file disclosure statements in removal actions.

Counsel for Defendants Fannie Mae, Seterus, and MERS, have failed to provide two copies of this disclosure in their first appearance, and this prevents this Court from making informed decisions as to recusal.

Plaintiff hereby alleges, on information and belief, that Defendant MERS is "wholly-owned" by another company (MERSCORP) that has not been properly disclosed in their first request to this court as required by law. (See attached **Exhibit "A"** which is a true and correct copy of a printout from the PACER.GOV Website which printout is incorporated herein by reference).

This document admits that MERSCORP, which wholly-owns MERS yet knowing this, Defendant refused to disclose this to the Court.

Since it is too late to go back and file such a disclosure, Defendants motion to dismiss and its notice of removal must be overruled, and rejected, and Plaintiff is entitled to judgment on the Pleadings, or in the alternative to remand back to Superior Court of Rockingham County (New Hampshire). Plaintiffs therefore requires the Court to strike Defendant's Motion and for Judgment on the allegations of Plaintiff's Complaint for failure of the Defendant to comply with the mandatory disclosure requirements of the Federal Rules of Civil Procedure.

## REMEDY REQUIRED

**WHEREFORE**, the plaintiffs respectfully require of the Court as follows:

i. That this court strike its ORDER dated April 28, 2014.

ii. That this court strike Defendant's Motion to Dismiss for failure to comply with the mandatory *F.R.Civ.P. 7.1* and *Local Rule 7.5*;

iii. For Judgment on the Pleadings for allegations contained in Plaintiff's verified complaint; and (in the alternative), as to their Notice of Remand;

iv. As an alternative to dismissing the case, that this case be remanded back to Superior Court of Rockingham County (New Hampshire).

v. That Plaintiff be awarded reasonable attorney fees in the amount of $1000 in bringing this motion;

vi. That Plaintiffs have such other and further relief as the Court may deem just and proper.

## VERIFICATION

I, Thomas Paul Lovy, *Sui Juris*, Plaintiff in the above entitled action, hereby verify under penalty of perjury, under the laws of the United States of America, without the "United States" (federal government), that the above statement of facts and law is true and correct, according to the best of My current information, knowledge and belief, so help me God, pursuant to 28 U.S.C. 1746(1).

Dated:      May 02, 2014 *A.D.*

Signed:    By:    *Thomas Paul Lovy*

Printed:   Thomas Paul Lovy, *Sui Juris*
           Plaintiff *In Propria Persona* (<u>not</u> "*Pro Se*")
           All Rights Reserved without Prejudice

## PROOF OF SERVICE

I, Thomas Paul Lovy, *Sui Juris*, hereby certify, under penalty of perjury, under the laws of the United States of America, without the "United States" (federal government), that I personally served the following document:

NOTICE OF MOTION AND MOTION FOR RECONSIDERATION
OF USDC'S ORDER FILED IN ERROR ON APRIL 28, 2014

by placing one true and correct copy of said document in first class United States Mail, with postage prepaid and properly addressed to the following:

United States District Court
Office of the Clerk
55 Pleasant Street, Room 110
Concord, New Hampshire 03310-3941

Courtesy copies to:

HARMON LAW OFFICES, P.C.
Andrea V. Lasker, Esq. (N.H. Bar No. 18508)
150 California Street
Newton, Massachusetts 02458

PRIMMER PIPER EGGLESTON & CRAMER PC
Jennifer Turco Beaudet, Esq. ( N.H. Bar No. 17174)
900 Elm Street 16th Floor
P.O. Box 3600
Manchester, New Hampshire 03105

PRIMMER PIPER EGGLESTON & CRAMER PC
Thomas J. Pappas, Esq. ( N.H. Bar No. 4111)
900 Elm Street 16th Floor
P.O. Box 3600
Manchester, New Hampshire 03105

Dated:      May 02, 2014

Signed:     By: *Thomas Paul Lovy*

Printed:    Thomas Paul Lovy, *Sui Juris*
            Plaintiff *In Propria Persona* (<u>not</u> "*Pro Se*")
            All Rights Reserved without Prejudice

11