UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

|  |  |
|---|---|
| THOMAS PAUL LOVY and <br> LOAN ANH QUOC LOVY, <br><br> Plaintiffs, <br><br> v. <br><br> FEDERAL NATIONAL MORTGAGE <br> ASSOCIATION, SETERUS, INC., <br> MORTGAGE ELECTRONIC <br> REGISTRATION SYSTEMS, INC., and <br> BANK OF AMERICA CORPORATION, <br><br> Defendants. | CASE No. 1:13-cv-399-SM |

### DEFENDANT BANK OF AMERICA CORPORATION'S OPPOSITION TO PLAINTIFF'S MOTION FOR RECONSIDERATION

Defendant Bank of America Corporation ("Bank of America"),[1] by and through its undersigned counsel, respectfully submits this opposition to the May 2, 2014 Motion for Reconsideration (the "Motion") by Plaintiff Thomas Paul Lovy ("Plaintiff" or "Lovy"),[2] seeking reconsideration of the Court's April 28, 2014 Order (the "Order"), to the extent that the Court thereby denied Plaintiff's Motion to Remand. The Court need not reconsider, much less reverse, its Order because Plaintiff does not—and cannot—demonstrate that the Order denying Plaintiff's Motion to Remand was based on a manifest error of fact or law as required by Local Rule 7.2(d)

---

[1] "Bank of America Corporation" is not the correct party. It is a holding company of the various Bank of America entities and has no tie to Plaintiff's mortgage. Bank of America, N.A. ("BANA") is more likely the subject of Plaintiff's Complaint because it or its predecessor by merger (BAC Home Loans Servicing, LP, f/k/a Countrywide Home Loans Servicing LP) serviced Plaintiff's mortgage. To the extent any of the claims are supposed to be directed at BANA or its predecessor, Bank of America responds on behalf of all Bank of America entities.

[2] Although Loan Anh Quoc Lovy is a named Plaintiff, the Motion for Reconsideration was filed only on behalf of Thomas Paul Lovy.

that would warrant a reconsideration of the Court's denial. Plaintiff's Motion merely rehashes issues already addressed by the parties and decided by the Court. This is not a legitimate basis for reconsideration, and the Court should deny Plaintiff's Motion accordingly. No memorandum of law is submitted herewith because supporting authorities are cited herein. See L.R. 7.1(a)(2).

**ARGUMENT**

Plaintiff's Motion for Reconsideration should be denied because it merely rehashes the same facts and law already addressed in the parties' prior briefing, as reflected in the Court's April 28, 2014 Order.

Plaintiff's Motion falls far short of the standard for reconsidering the Order denying Plaintiff's Motion to Remand. The granting of a motion for reconsideration is "an extraordinary remedy which should be used sparingly." *Palmer v. Champion Mortg.*, 465 F.3d 24, 30 (1st Cir. 2006). Reconsideration is warranted only in a limited number of circumstances, where: 1) the moving party presents newly discovered evidence material to the Court's decision, 2) there has been an intervening change in law, or 3) the decision was based on a manifest error of law or fact or was clearly unjust. *United States v. Allen*, 573 F.3d 42, 53 (1st Cir. 2009). Motions for reconsideration are not appropriate vehicles for pressing arguments that could have been asserted earlier or for "re-arguing theories previously advanced and rejected." *Palmer*, 465 F.3d at 30.

Here, Plaintiff makes two arguments in favor of reconsideration: (1) Federal National Mortgage Association, Seterus, Inc., and Mortgage Electronic Registration Systems, Inc. (collectively, "the Other Defendants") "did not sign or authorize [Bank of America's] notice of removal," Pl.'s Motion at 3; and (2) "[t]he removal is defective for failure

to comply with the rule of unanimity." *Id*. at 5-7.[3]

Notably, Plaintiff raised the same arguments in his Motion to Remand (*see, e.g.*, Docket No. 5, at 2-7), and the parties previously briefed these issues in full. *See, e.g.*, Bank of America's Memorandum of Law in Support of its Objection to Plaintiff's Motion to Remand (Docket No. 11-1) at 2-5 (addressing Plaintiff's mistaken reading of Rule 11 and the "rule of unanimity," and noting that the Other Defendants' Opposition to Plaintiff's Motion to Remand (Docket No. 6) cured any purported defect in the removal petition).

Plaintiff cites **no** additional facts or case law that the Court failed to address, and has identified no clear error or manifest injustice in the Court's April 28, 2014 Order. The fact that Plaintiff disagrees with the Court's conclusion is insufficient to find clear error or manifest injustice in the Court's April 28, 2014 Order. Thus there is no factual or legal basis for the Court to reconsider its April 28, 2014 Order.

## **CONCLUSION**

Plaintiff has failed to meet any of the standards for reconsidering the Court's April 28, 2014 Order. No new evidence has been adduced, there have been no changes in the law, and the Court's decision does not present a clear error or manifest injustice. Accordingly, Plaintiff is not entitled to the "extraordinary remedy" he seeks, and the Court should deny Plaintiff's Motion for Reconsideration.

---

[3] Indeed, Plaintiff argues that the Other Defendants "did not comply with the mandatory disclosure requirements of the Federal Rules of Civil Procedure," thus the Court must reject Bank of America's Notice of Removal and remand the case to state court. Pl.'s Motion at 7-9. The Other Defendants' failure, if any, to file their corporate disclosure statements has no bearing on their capacity to consent to removal, and Plaintiff fails to cite any case law for this proposition. As such, and for the reasons more fully addressed in the Other Defendants' Opposition to Plaintiff's Motion for Reconsideration (Docket Nos. 18-20), which Bank of America hereby incorporates by reference, Plaintiff's argument lacks merit and provides no legal basis for this Court to reconsider its Order.

Respectfully submitted,

BANK OF AMERICA CORPORATION,

By its attorneys,

PRIMMER PIPER EGGLESTON & CRAMER PC

Dated: May 19, 2014  By:  /s/ Thomas J. Pappas
Thomas J. Pappas, Esq. (N.H. Bar No. 4111)
P.O. Box 3600
Manchester, NH 03105-3600
603.626.3300
tpappas@primmer.com

## **CERTIFICATE OF SERVICE**

A copy of the foregoing *Defendant Bank of America Corporation's Opposition to Plaintiff's Motion for Reconsideration* has this day been forwarded via the Court's Electronic Case Filing System to:

Andrea V. Lasker, Esq.
alasker@harmonlaw.com
*Counsel for Federal National Mortgage Association;*
*Seterus, Inc.; and*
*Mortgage Electronic Registration Systems, Inc.*

And conventionally served via U.S. Mail to:

Thomas Paul Lovy
P.O. Box 1142
Londonderry, NH 03053-1142
*Pro Se Plaintiff*

Loan Anh Quoc Lovy
P.O. Box 1142
Londonderry, NH 03053-1142
*Pro Se Plaintiff*

Dated: May 19, 2014  /s/ Thomas J. Pappas
Thomas J. Pappas, Esq. (N.H. Bar No. 4111)